IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JEFFERY A. TURNER,

        Petitioner,
vs.                         **Case No. 04-3375-RDR**

STATE OF KANSAS,

        Respondent.

## MEMORANDUM AND ORDER

Petitioner is incarcerated upon a state court conviction. This case is now before the court upon petitioner's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner proceeds pro se.

I. Habeas standards

A writ of habeas corpus may not be granted unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or, "was based on an unreasonable determination of the facts in light of the evidence presented at trial." 28 U.S.C. § 2254(d)(1)&(2). State court factual findings, including credibility findings, are presumed correct, absent clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); see also Smith v. Gibson, 197 F.3d 454, 459 (10th Cir. 1999) cert. denied, 531 U.S. 839 (2000); Baldwin v. Johnson, 152 F.3d 1304, 1317 (11th Cir. 1998) cert. denied,

526 U.S. 1047 (1999); Nguyen v. Reynolds, 131 F.3d 1340, 1359 (10th Cir. 1997) cert. denied, 525 U.S. 852 (1998).

The Supreme Court has stated that a state court decision is "contrary to" clearly established federal law "if the state court applies a rule that contradicts the governing law set forth in our cases" or if the state court "confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000). A state court decision is an unreasonable application of federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413.

The law limits the authority of the court to hold an evidentiary hearing upon petitioner's application for relief:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that - - (A) the claim relies on - - (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

   II.  Petitioner's arguments

   Petitioner makes two arguments in his habeas petition. First, he contends that the state sentencing court improperly considered a prior juvenile adjudication to enhance petitioner's sentence under the state guideline sentencing system. Petitioner asserts that this violates the decision of the United States Supreme Court in Apprendi v. New Jersey, 530 U.S. 466 (2000).

   In Apprendi, the Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt."  530 U.S. at 490 (emphasis added).  Petitioner asserts that the juvenile adjudication does not qualify as a "prior conviction" for Apprendi purposes.

   Petitioner's position has been rejected by two federal circuits.  See U.S. v. Smalley, 294 F.3d 1030, 1033 (8th Cir. 2002) cert. denied, 537 U.S. 1114 (2003); U.S. v. Jones, 332 F.3d 688, 696 (3rd Cir. 2003) cert. denied, 540 U.S. 1150 (2004). Petitioner's position is supported by the Ninth Circuit's opinion in U.S. v. Tighe, 266 F.3d 1187, 1194 (9th Cir. 2001). Still, in Boyd v. Newland, 393 F.3d 1008, 1017 (9th Cir. 2004),

the Ninth Circuit affirmed the denial of habeas relief to a prisoner making petitioner's argument stating:

> Although we are not suggesting that Tighe was incorrectly decided, as these varying interpretations of Apprendi suggest, the opinion does not represent clearly established federal law "as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). In general, Ninth Circuit precedent remains persuasive authority in determining what is clearly established federal law. . . . But, in the face of authority that is directly contrary to Tighe, and in the absence of explicit direction from the Supreme Court, we cannot hold that the California courts' use of Petitioner's juvenile adjudication as a sentencing enhancement was contrary to, or involved an unreasonable application of, Supreme Court precedent.

Upon the basis of this reasoning, the court shall deny petitioner's first argument for habeas relief.

Petitioner's second argument for relief is that the sentencing court abused its discretion by imposing a 60-month post-release term of supervision without making findings to support a departure. We reject this contention.

Petitioner was sentenced for the crime of aggravated sodomy. The 60-month period of post-release supervision was based on K.S.A. 22-3717(d)(1)(D)(i), which provides that upon a finding that the crime of conviction was sexually violent, departure may be imposed to extend the postrelease supervision to a period of up to 60 months. The same statute defines aggravated sodomy as a "sexually violent crime." K.S.A. 22-3717(d)(2)(E). The

Kansas Supreme Court has held that a plea to a statutory "sexually violent crime" obviates the need under <u>Apprendi</u> for a court to make a special finding that the crime was a sexually violent crime for the purpose of extending the supervision period to 60 months.  <u>State v. Walker</u>, 60 P.3d 937, 940 (Kan. 2003).  We believe this holding is a correct interpretation of federal law.

   III.   <u>Conclusion</u>

   For the above-stated reasons, the court shall deny the petition for relief under 28 U.S.C. § 2254.

   **IT IS SO ORDERED.**

   Dated this 13th day of April, 2005 at Topeka, Kansas.


                              s/Richard D. Rogers
                              United States District Judge